IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | |
|---|---|
| JASMINE DIAZ<br>3445 W. 47th St.<br>Cleveland Heights, OH 44102<br><br>*On behalf of herself and all others similarly situated,*<br><br>        Plaintiff,<br><br>v.<br><br>DAKOTA TRAVEL NURSE INC.<br>c/o Jamie Fleck<br>1200 Collins Ave.<br>Mandan, ND 58554-2066<br><br>and<br><br>Beverly Unrath<br>1200 Collins Ave.<br>Mandan, ND 58554-2066<br><br>        Defendants. | CIVIL ACTION NO. 1:17-cv-012<br><br>**PLAINTIFF'S CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>(Jury Demand Endorse Herein) |

## INTRODUCTION

1. Plaintiff brings this case to challenge policies and practices of Defendants that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as the North Dakota Wage Law (N.D. Admin Code § 46-02-07-01 *et seq.*; North Dakota Century Code Chapters 34-06; 34-14) (collectively, "ND Wage Law"). Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer ... by any one or more employees for and in behalf of himself or themselves and other employees similarly situated" (the "FLSA Collective"). Plaintiff also brings this case as a

1

class action under Fed. R. Civ. P. 23 on behalf of herself and other members of a class of persons who assert factually-related claims under ND Wage Law (the "ND Class").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the U.S. District Court for the District of North Dakota.

## PARTIES

5. At all times relevant, Plaintiff Jasmine Diaz was a citizen of the United States and resident of the State of Ohio.

6. Defendant Dakota Travel Nurse Inc. is a North Dakota corporation with its principal place of business in Mandan, North Dakota. According to records maintained by the North Dakota Secretary of State, Defendant Dakota Travel Nurse Inc.'s registered agent is Jamie Fleck, 1200 Collins Ave., Mandan, ND 58554-2066.

7. At all times relevant hereto, Defendant Beverly Unrath is a citizen of the United States and resident of the State of North Dakota, and is an owner and/or member of Defendant Dakota Travel Nurse Inc. Upon information and belief, Unrath exercised daily operational control over business operations, including decisions over the hiring and firing of employees, scheduling employees for work, establishing payroll policies and procedures, establishing rates of pay for employees, and issuing payroll to employees.

# FACTUAL ALLEGATIONS

## Defendants' Business

8. According to the North Dakota Secretary of State, Defendants are in the business of "assist[ing] health care facilities with nursing staff." Defendant Dakota Travel Nurse Inc.'s web site states that Defendant is "[c]urrently providing staff to more then [sic] 90 health care facilities in North Dakota, South Dakota, and Montana Dakota Travel Nurse provides the flexibility of staffing on a PRN, short term or longer term basis."[1] Defendants actively recruit and employ Registered Nurses ("RNs"), Licensed Practical Nurses ("LPNs"), Certified Nursing Assistants ("CNAs"), Certified Medical Assistants ("CMAS"), State Tested Nurses Aides ("STNAs") and other medical professionals and workers to work in the, among others, the orthopedics, long term care, labor and delivery, med surg, hospital, and clinic medical fields/industries[2] throughout the states of North Dakota, Montana, and South Dakota.[3]

## Defendants' Status as Employers

9. At all times relevant, Defendants were employers within the meaning of the FLSA, 29 U.S.C. § 203(d), and ND Wage Law, N.D. Admin Code § 46-02-07-01 *et seq.*, North Dakota Century Code Chapters 34-06; 34-14, and employed hourly employees, including Plaintiff.

10. At all times relevant, Defendants were an enterprise within the meaning of 29 U.S.C. § 203(r).

---

[1] http://dakotatravelnurse.com/healthcare-facilities/ (accessed 12/20/16).
[2] http://dakotatravelnurse.com/nursescnas/ (accessed 12/20/16).
[3] http://dakotatravelnurse.com/home (accessed 12/20/16).

11. At all times relevant, Defendant Beverly Unrath was an employer pursuant to 29 U.S.C. § 203(d) in that she was a "person [who] act[ed] directly or indirectly in the interest of an employer," Defendant Dakota Travel Nurse Inc., "in relation to employees," including Plaintiff. Defendant Beverly Unrath was also an employer pursuant to ND Wage Law.

12. At all times relevant, Defendants were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

13. Defendants operate and control an enterprise engaged in commerce, with annual gross volume of business exceeding $500,000.00.

### Plaintiff's Status as an Employee and Defendants' Wage Violations

14. While living and working in Ohio, Plaintiff Diaz was offered work by Defendants as an CNA in North Dakota at the wage rate of $20.00 per regular hour and only $25.00 per overtime hour.

15. After traveling to North Dakota, Plaintiff Diaz learned that the actual wage rate was far lower than $20.00 per hour, primarily because Defendants would deduct $77.00 per day in mandatory costs for lodging. North Dakota law provides that "[t]he reasonable value not exceeding the employer's actual cost of board, lodging, and other facilities customarily furnished by the employer for the employee's benefit may be treated as part of the wages, up to a maximum of eighteen dollars per day, if agreed to by a written agreement and if the employee's acceptance of facilities is in fact voluntary." N.D. Admin. Code § 46-02-07-02(13) (emphasis supplied).

16. Defendants violated N.D. Wage Law in ¶15 in two ways. First, Plaintiff's acceptance of lodging was not voluntary; Defendants made this lodging deduction even

when Plaintiff moved out of Defendants' lodging and found her own lodging. Second, Defendants' lodging wage deductions <u>were more than 400% of the board, lodging and facilities cost allowed by ND Wage Law.</u> N.D. Admin. Code § 46-02-07-02(13).

17. As a result, in part, of this unlawful deduction, Plaintiff Diaz actually received minimum wage, or slightly more than minimum wage for her regular hours worked during most of her employment with Defendants. Defendants violated the promise to Plaintiff by refusing to pay her at the promised wage rate.

18. Plaintiff Diaz was employed by Defendants from about October 2014 to about July 2015 as an CNA. She often worked up to eighty (80) hours per week.

19. Even given her unlawfully reduced wage rate, Defendants failed to pay overtime in the manner and methods required under the FLSA and ND Wage Law.

20. Defendants paid Plaintiff Diaz less than 1.5x Plaintiff's regular rate of pay for hours worked over forty (40), in violation of the plain language of the FLSA, 29 U.S.C. § 207, and ND Wage Law, N.D. Admin. Code § 46-02-07-02(4).

21. Plaintiff, the FLSA Collective, and the ND Class were classified by Defendants as non-exempt employees and paid on an hourly basis.

22. Plaintiff, the FLSA Collective, and ND Class worked in excess of forty (40) hours per week as medical and nursing staff.

23. At all times relevant, Plaintiff, the FLSA Collective, and ND Class were employees within the meaning of 29 U.S.C. § 203(e) and ND Wage Law, N.D. Admin Code § 46-02-07-01 *et seq.*, North Dakota Century Code Chapters 34-06; 34-14.

24. At all times relevant, Plaintiff, the FLSA Collective, and ND Class were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

### Defendants' Failure to Charge a Reasonable Value for Board, Lodging, and/or Other Facilities

25. As stated in ¶ 15, ND Wage Law required Defendants to charge a "[t]he reasonable value not exceeding the employer's actual cost of board, lodging, and other facilities customarily furnished by the employer for the employee's benefit may be treated as part of the wages, up to a maximum of eighteen dollars per day, if agreed to by a written agreement and if the employee's acceptance of facilities is in fact voluntary." N.D. Admin. Code § 46-02-07-02(13).

26. The amount charged to Plaintiff, the FLSA Collective, and ND Class for lodging/board was not reasonable; the amount charged for lodging/board exceeded Defendants' actual cost of board, lodging, and other facilities; the amount charged for lodging/board was greater than eighteen dollars per day; Plaintiff, the FLSA Collective, and the ND Class did not agree by a written agreement to payment in the form of lodging/board; and/or the Plaintiff's, the FLSA Collective's, the ND Class's acceptance of facilities was not voluntary.

27. Defendants' above wage compensation policies violated N.D. Admin. Code § 46-02-07-02(13), 46-02-07-02(4).

### Defendants' Failure to Pay Wages at the Promised Rate

28. As part of Plaintiff's, the FLSA Collective's, and ND Class's recruitment and hiring as hourly employees, Plaintiff, the FLSA Collective, and the ND Class were promised compensation at certain clear, definite, and unambiguous hourly rates. Plaintiff, the FLSA

6

Collective, and the ND Class relied upon Defendants' assertions that they were to be paid at the quoted, stated, and promised hourly rates prior to engaging in employment or otherwise arranging transportation to Defendants' business location(s) and/or vicinity(ies) for employment with Defendants.

29. Upon beginning their employment with Defendants, Plaintiff, the FLSA Collective, and the ND Class were not paid at the rates as promised by Defendants, but instead learned that the clear, definite, and unambiguous hourly rates quoted, stated, and promised by Defendants were not the actual hourly rates paid to Plaintiff, the FLSA Collective, and the ND Class.

## COLLECTIVE ACTION ALLEGATIONS

30. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

31. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer ... by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

32. The FLSA Collective consists of:

> All present and former hourly medical staffing employees of Defendants during the period of three years preceding the commencement of this action to the present.

33. Such persons are "similarly situated" with respect to Defendants' FLSA violations in that all were non-exempt employees of Defendants, all were subjected to and injured by Defendants' unlawful practice of failing to pay for all hours worked and overtime compensation for all hours worked in excess of forty per workweek, and all have the same

7

claims against Defendants for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

34. Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

35. Plaintiff cannot yet state the exact number of similarly-situated persons but avers, upon information and belief, that they consist of over 100 persons. Such persons are readily identifiable through the payroll records Defendants have maintained, and were required to maintain, pursuant to the FLSA.

## **CLASS ACTION ALLEGATIONS**

36. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

37. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and other members of a class of persons who assert claims under the laws of the State of North Dakota, defined as:

> All present and former hourly medical staffing employees of Defendants during the period of three years preceding the commencement of this action to the present.

38. The ND Class is so numerous that joinder of all class members is impracticable. Plaintiff cannot yet state the exact number of class members but avers, upon information and belief, that they consist of over 100 persons. The number of class members, as well as their identities, are ascertainable from the payroll records Defendants

have maintained, and were required to maintain, pursuant to the FLSA and ND Law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; N.D. Admin. Code § 46-02-07-02(10).

39. There are questions of law or fact common to the ND Class, including but not limited to:

> Whether Defendants violated North Dakota wage and hour laws;
>
> Whether Defendants' wage payment policies violated ND Law;
>
> Whether Defendants properly calculated the regular rate for Plaintiff and other class members;
>
> Whether Defendants' conduct was a willful and knowing violation of ND Law;

40. Plaintiff's claims are typical of the claims of other members of the ND Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendants, and are based on the same legal theories, as the claims of other class members.

41. Plaintiff will fairly and adequately protect the interests of the ND Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other class members. Plaintiff's counsel have broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the ND Class in this case.

42. The questions of law or fact that are common to the ND Class predominate over any questions affecting only individual members. The primary questions that will determine Defendants' liability to the class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

43. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims

individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Overtime Violations)

44. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

45. Plaintiff brings this claim for violation of the FLSA's overtime provisions.

46. The FLSA requires that "non-exempt" employees receive overtime compensation of "not less than one and one-half times" the employees' "regular rate" of pay. 29 U.S.C. § 207(a)(1).

47. Plaintiff, the FLSA Collective, and ND Class should have been paid overtime wages in the amount of 150% of their "regular rate" for all hours worked in excess of forty (40) hours per workweek.

48. Defendants did not pay overtime compensation to Plaintiff, the FLSA Collective, and/or ND Class at the rate of one and one-half times their regular rate for all of their overtime hours.

49. By engaging in these practices, Defendants willfully violated the FLSA and regulations thereunder that have the force of law.

50. As a result of Defendants' violations of the FLSA, Plaintiff, the FLSA Collective, and ND Class were injured in that they did not receive wages due to them pursuant to the

FLSA. 29 U.S.C. § 216(b) entitles Plaintiff, the FLSA Collective, and ND Class to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) further provides that "[t]he court ... shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT TWO
### (ND Law Overtime Violations)

51. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

52. Plaintiff brings this claim for violation of the ND overtime compensation laws, N.D. Admin Code § 46-02-07-01 *et seq.*; N.D. Century Code Chapter 34-06.

53. At all times relevant, Defendants were an employer covered by the ND overtime compensation statute, N.D. Admin Code § 46-02-07-02(4); North Dakota Century Code Chapters 34-06, 34-14.

54. Defendants' failure to compensate overtime hours and Defendants' failure to pay employees for all hours worked violated the ND overtime compensation requirements set forth in N.D. Admin Code § 46-02-07-02(4).; N.D. Admin Code § 46-03-01-01; N.D. Cent. Code Chapters 34-06, 34-14.

55. These violations of ND Law injured Plaintiff, the FLSA Collective, and ND Class in that they did not receive wages due to them pursuant to ND Law.

56. ND Law provides that, "[i]n addition to the employee's right to recover unpaid wages[,]" an employee is entitled to interest on the unpaid wages, and an amount equal to "double the employee's unpaid wages, if, within one year preceding the date such wages are due, the employer has, on separate occasions, been subject to, and found liable

for, two previous wage claims under the provisions of this chapter; or ... [t]reble the employee's unpaid wages, if, within one year preceding the date such wages are due, the employer has, on separate occasions, been subject to, and found liable for, three or more previous wage claims under the provisions of this chapter." N.D. Cent. Code § 34-14-09.1.

57. Defendants are liable to Plaintiff, the FLSA Collective, and ND Class to the full extent as permitted by ND Law.

## COUNT THREE
## (Breach of Contract)

58. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

59. Plaintiff brings this breach of contract claim on behalf of herself, and on behalf of others "similarly situated" who are part of the FLSA Collective, in addition to members of the ND Class.

60. At all times relevant, the terms of compensation established by Defendants promised the employees they would be paid wages at certain quoted hourly rates, and all of the work Plaintiff, the FLSA Collective, and ND Class performed during their employment was performed under, and in return for, those terms of compensation.

61. All of the work performed by Plaintiff, the FLSA Collective, and ND Class during their employment was performed under, and in return for, the terms of compensation established by Defendants.

62. However, Plaintiff, the FLSA Collective, and ND Class were not paid certain quoted hourly rates they agreed to be paid but were instead paid lodging/board, mileage and/or other forms of payment causing Plaintiff, the FLSA Collective, and ND Class to be

paid less than agreed. Defendants breached the terms of its compensation by failing to pay Plaintiff, the FLSA Collective, and ND Class the quoted hourly rates they agreed to be paid.

63. Plaintiff, the FLSA Collective, and ND Class were injured by Defendants' breach of contract in that they did not receive the wages that they contracted to be paid.

## COUNT FOUR
(Unjust Enrichment)

64. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

65. As hereinabove alleged, the terms of compensation established by Defendants promised employees they would be paid wages at certain quoted hourly rates, and all of the work Plaintiff, the FLSA Collective, and ND Class performed during their employment was performed under, and in return for, those terms of compensation. However, Plaintiff, the FLSA Collective, and ND Class were not paid certain quoted hourly rates they agreed to be paid but were instead paid lodging/board, mileage and/or other forms of payment causing Plaintiff, the FLSA Collective, and ND Class to be paid less than agreed.

66. Insofar as Defendants disavow or otherwise avoid contractual liability for wages promised but unpaid, and/or if there is an otherwise absence of remedy provided by law, Plaintiff, the FLSA Collective, and ND Class assert a claim for unjust enrichment as follows.

67. Defendants have been unjustly enriched at the expense of Plaintiff, the FLSA Collective, and ND Class.

68. Plaintiff, the FLSA Collective, and ND Class have fully performed work that ultimately benefitted Defendants, and have suffered an impoverishment due to Defendants.

69. There is no justification for the enrichment of Defendants and impoverishment of Plaintiff, the FLSA Collective, and ND Class.

70. Defendants have retained the benefit of Plaintiff's, the FLSA Collective's, and ND Class's members' services without compensating them as promised, under circumstances in which it would be unjust and unconscionable to permit Defendants to do so.

## COUNT FIVE
### (Promissory Estoppel)

71. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

72. As hereinabove alleged, the clear, definite, and unambiguous promise as to the essential terms of compensation established by Defendants that Plaintiff, the FLSA Collective, and ND Class would be paid wages at certain quoted, stated, and promised hourly rates, and all of the work Plaintiff, the FLSA Collective, and ND Class performed during their employment was performed under, and in return for, those terms of compensation.

73. Defendants' clear, definite, and unambiguous as to essential terms promise of compensation caused Defendants to reasonably expect Plaintiff, the FLSA Collective, and ND Class to change or otherwise modify their positions as a result of Defendants' promise, including but not limited to, engaging in employment with Defendants and traveling to Defendants' business and/or vicinity(ies) to receive the quoted hourly rates they agreed to be paid.

74. Plaintiff, the FLSA Collective, and ND Class justifiably relied on Defendants' clear, definite, and unambiguous as to essential terms promise of certain compensation, but

were instead paid lodging/board, mileage and/or other forms of payment causing Plaintiff, the FLSA Collective, and ND Class to be paid less than the agreed hourly rate.

75. Injustice can only be avoided by enforcing the promise of Defendants.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Honorable Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other members of the ND Class;

C. Enter judgment against each Defendant and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the members of the ND Class;

D. Award compensatory damages to Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the members of the ND Class in the amount of their unpaid wages, as well as liquidated damages in an equal amount;

E. Award interest on the unpaid wages from the date the wages are due until payment is made in full in favor of Plaintiff and the members of the ND Class pursuant to N.D. Cent. Code § 34-14-09.1(1);

F. Award liquidated damages in favor of Plaintiff and the members of the ND Class equal to double the unpaid wages, if, within one year preceding the date the wages are due, Defendants are on two separate occasions been found liable for wage claims pursuant to N.D. Cent. Code § 34-14-09.1(2)(a);

G. Award liquidated damages in favor of Plaintiff and the members of the ND Class equal to treble the unpaid wages, if, within one year preceding the date the wages are due, Defendants are on three or more separate occasions been found liable for wage claims pursuant to N.D. Cent. Code § 34-14-09.1(2)(b).

H. Award Plaintiff her costs and attorneys' fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

Respectfully submitted,

*s/ Ryan A. Winters*
Joseph F. Scott (OH Bar No. 0029780)
Ryan A. Winters (OH Bar No. 0086917)
Scott & Winters Law Firm, LLC
The Superior Building
815 Superior Avenue E., Suite 1325
Cleveland, OH 44114
440-498-9100
jscott@ohiowagewlawyers.com
rwinters@ohiowagelawyers.com

and

Kevin M. McDermott II (OH Bar No. 0090455)
McDermott Law LLC
11925 Pearl Road, Suite 310
Strongsville, Ohio 44136
Telephone: 216-367-9181
Facsimile: 440-846-1625
kevin@mcdermottattorney.com

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

s/ Ryan A. Winters
Ryan A. Winters (Ohio Bar No. 0086917)