# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Jasmine Diaz, on behalf of herself and all others similarly situated, | )<br>)<br>) |
| Plaintiffs, | )<br>) **ORDER** |
| vs. | )<br>) |
| Dakota Travel Nurse, Inc., and Jamie Fleck, | )<br>) Case No. 1-17-cv-12<br>) |
| Defendants. | ) |

Before the court is a Motion to Stay Discovery (Doc. No. 44) filed by Defendants Dakota Travel Nurse, Inc. and Jamie Fleck (collectively "Dakota Travel"). Plaintiff Jasmine Diaz, on behalf of herself and other plaintiffs also before the court, opposes the motion. (Doc. No. 47).

## I. BACKGROUND

The following facts are either undisputed or simply assumed to be true for purposes of this motion. Dakota Travel provides medical staff to various health care facilities in North Dakota, South Dakota, and Montana. Although the record does not speak as to where Diaz worked, Diaz worked for Dakota Travel providing nursing services at various health care facilities.

This dispute centers on the method of compensation used by Dakota Travel, which the parties described as an "all-inclusive" form of hourly wage. As the court understands this pay scheme, Dakota Travel paid Diaz an hourly rate that was inclusive of all reimbursable costs. For example, assuming Dakota Travel agreed to pay Diaz $20 per hour for regular hours worked, and Diaz worked 24 hours, her gross pay and gross wage would be $480. However, if Diaz incurred $110 in mileage in performing her work, and if she incurred another $77 in lodging expenses, those sums would be

-1-

deducted from her gross wages. This would leave Diaz with gross wages of $293 for the 24 hours of work, or an effective hourly rate of approximately $12.21. (Doc. No. 4-1).

In her amended complaint, Diaz sets forth five claims for relief based upon this payment scheme. (Doc. No. 21). First, Diaz alleges Dakota Travel's "all-inclusive" payment system violates the Fair Labor Standards Act ("FLSA") by not providing proper compensation for overtime. She brings this claim as a "collective action" under the FLSA and Chief Judge Hovland has already conditionally certified the claim as such. (Doc. No. 18). Diaz also brings four other claims, all arising under North Dakota law, as a class action under Fed. R. Civ. P. 23. In her second claim, Diaz alleges Dakota Travel's "all-inclusive" payment system violates North Dakota law by not providing proper compensation for overtime hours. In her third claim, Diaz alleges Dakota Travel breached its contracts with her and other class members by improperly deducting reimbursable amounts from its employees' gross wages. In her fourth claim, Diaz alleges Dakota Travel has been unjustly enriched because of its payment scheme. In ground five, Diaz alleges promissory estoppel based upon Dakota Travel's alleged promises and its employees' detrimental reliance thereupon.

As of the filing of the current motion, the court has not entered a scheduling order in this case. Based upon the parties' representations, some discovery has occurred in this matter, though the scope and extent of such discovery is not clear from the record.

## II. DISCUSSION

In the motion currently before the court, Dakota Travel seeks a stay of all discovery pending this court's ruling on forthcoming motions for summary judgment concerning whether Dakota Travel's payment scheme violated the FLSA or North Dakota law as to overtime pay. According to Dakota Travel, any such ruling could significantly limit the scope of this case moving forward,

if the case is to move forward at all, and avoid unnecessary litigation expenses. In response, Diaz argues any stay in discovery is inappropriate because some discovery regarding Dakota Travel's payment scheme is necessary before either party can make a properly supported motion for summary judgment. Diaz also argues discovery should not be stayed because, regardless of how the overtime issues play out, she still has other viable state law claims in need of discovery.

In considering a motion to stay discovery, courts within the Eighth Circuit have observed:

> Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, district courts have broad discretion to stay of discovery. Steinbuch v. Cutler, 518 F.3d 580, 588 (8th Cir. 2008) (citing Lakin v. Prudential Sec., Inc., 348 F.3d 704, 713 (8th Cir. 2003)); see also Maune v. Int'l Bhd. of Elec. Workers, 83 F.3d 959, 963 (8th Cir. 1996) (upholding the district court's granting of a party's request to stay discovery); Blair v. Douglas County, No. 8:11CV349, 2013 WL 2443819, at *1 (D. Neb. June 4, 2013) ("[I]t is a settled proposition that a court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined."). Courts have used various standards in determining whether to stay discovery, including: (1) whether there is a strong showing that a claim is unmeritorious; (2) the breadth of discovery and burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay. Chesney v. Valley Stream Union Free Sch. Dist., 236 F.R.D. 113, 116 (E.D. N.Y. 2006). Courts may also consider the complexity of the action and the stage of litigation. Chesney, 236 F.R.D. at 116. See also Benge v. Eli Lilly & Co., 553 F. Supp. 2d 1049, 1050 (N.D. Ind. 2008) (identifying three factors in determining whether a stay is appropriate: "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the matter is not stayed; and (3) economy of judicial resources.").

Allen v. Agreliant Genetics, LLC, No. 15-CV-3172-LTS, 2016 WL 5416418 at *2 (N.D. Iowa September 26, 2016). Under the court's discretion, the court concludes discovery should not be stayed because Dakota Travel has not shown such a stay is warranted under the circumstances.

As an initial matter, the court is reluctant to grant a stay of discovery pending resolution of any motion for summary judgment without having first seen such motion. Neither party has filed a motion for summary judgment as to the overtime wage claims under state and federal law. Without

the benefit of these motions, the court is left to guess as to the contents of any such motion and whether any viable path exists for the case to come to a close without any further expense incurred in discovery. See Mau v. Twin City Fire Ins. Co., Case No. 1-16-cv-325, 2017 WL 3623794 at *3 (D.N.D. August 23, 2017) (staying discovery because pending motion for summary judgment presented multiple avenues for resolving the case in its totality).

Even assuming Dakota Travel's assurances about the contents of the ostensibly forthcoming motions allowed the court to divine as much, a stay of all discovery in this matter is not warranted based upon the nature of Diaz's claims. Dakota Travel's motion is almost entirely predicated on its supposition this "case turns on a single legal question: Did [Dakota Travel's] all-inclusive pay practice violate the [FLSA] and North Dakota wage law?" (Doc. No. 48 p. 1). Recognizing Diaz's other state law claims, Dakota Travel argues "the state-law claims are dependent on the allegations that [Dakota Travel's] pay practices are illegal." (Doc. No. 48 p. 4).

While the court recognizes whether Dakota Travel's pay scheme violated state and federal overtime law is the central question of this litigation, it does not resolve all of the claims in this case.[1] Contrary to Dakota Travel's characterization, the legality of its payment scheme does not control whether that same scheme violated its employment contracts, with Diaz's first two claims concerning the former and her final three claims concerning the latter. For instance, Dakota Travel may have still have breached its contracts with its employees—whether those contracts be actual or quasi—by improperly deducting reimbursable expenses notwithstanding a conclusion that that same

---

[1]Various parts of its briefing suggests Dakota Travel might very well agree with this conclusion. For instance, Dakota Travel itself characterized the overtime claims as merely "the primary basis" for the lawsuit. (Doc. No. 48 p. 3) (stating if the court agrees with Dakota Travel "that is payment method is legal . . . the primary basis for the lawsuit is gone."). Being the primary basis for a lawsuit and being determinative of the lawsuit are two separate inquires and this distinction is fatal to the current motion.

deducting complied with state and federal overtime law, or vice versa. The common payment scheme at issue in each of Diaz's claims gives rise to uncommon legal theories that Dakota Travel's anticipated forthcoming motion for summary judgment would not resolve. Accordingly, Dakota Travel's forthcoming motion for summary judgment on the overtime wage issues does not, standing alone, warrant a complete stay in discovery for this case.

In sum, Dakota Travel has not provided the court with a good justification for staying discovery at this point. This case, and all of its factual complexities, needs to further develop. Given the limited scope of the forthcoming motions for summary judgment, any stay in discovery at this point would only delay discovery that would likely need to be done at a later time. Finally, the court is not inclined to permit this case to be litigated in the piecemeal fashion requested by Dakota Travel given the likelihood it would substantially add to the time required to resolve this case, which outweighs any instant benefit provided by an immediate stay in discovery.

### III. CONCLUSION

The court **DENIES**, without prejudice, Dakota Travel's motion. (Doc. No. 44).

**IT IS SO ORDERED.**

Dated this 11th day of January, 2018.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court